```
            IN THE UNITED STATES DISTRICT COURT
             FOR THE SOUTHERN DISTRICT OF OHIO
                       EASTERN DIVISION
```

Nationwide Mutual Insurance :
Company,
                            :
        Petitioner,
                            :
        v.                          Case No. 2:07-cv-0120
                            :
Randall & Quilter Reinsurance       JUDGE MARBLEY
Company,                    :

        Respondent.         :

                              ORDER

   This action arises out of an arbitration proceeding which occurred between Petitioner Nationwide Mutual Insurance Company and Respondent R&Q Reinsurance Company.  After Nationwide filed its petition to enforce the arbitration award, R&Q moved for leave to file a motion for summary judgment under seal together with documents submitted in support of that motion.  The Court, noting that the motion represented that the arbitration panel had ordered information exchanged between the parties to be held under seal, granted the motion the same day it was filed in a two-sentence order.  Subsequently, Nationwide moved to reconsider that order.  Responsive and reply memoranda have been filed, and the motion is now ripe for decision.  For the following reasons, the motion to reconsider will be granted and the Court will direct the unsealing of R&Q's motion for summary judgment and attached exhibits.

   The parties arbitrated the underlying dispute pursuant to rules which typically require both parties to the arbitration to sign a confidentiality agreement.  That agreement, a sample of which has been submitted to the Court as document #25, provides

that briefs, depositions, and hearing transcripts generated in the course of the arbitration and documents produced during the arbitration, as well as the final arbitration decision itself, will all be kept confidential.  The form agreement also provides that such documents may be disclosed in connection with court proceedings related to any aspect of the arbitration, but that the parties are obligated by the agreement to file such documents in court under seal "subject to court approval...."  R&Q contends that this agreement was incorporated into an order of the arbitration panel, is binding upon the parties, and thus permits it (and in fact requires it) to file certain documents under seal with the Court, including the motion for summary judgment and attached exhibits.

In response, Nationwide first notes that at the arbitration proceeding, it took the position (which it apparently takes in all such arbitrations) that it would not enter into the standard confidentiality agreement.  Nonetheless, it apparently recognized that the arbitrator intended to incorporate the provisions of that agreement into an order which would have the same effect as the agreement.  Nationwide argues, however, that even though the arbitration panel chair expressed an intent to do so, no written order was ever entered during the course of the arbitration proceedings.  Nationwide also argues that even if the panel chair orally directed that materials be kept confidential and that other provisions of the standard agreement be adhered to, the order is either unenforceable because it was not reduced to writing or it cannot be enforced by this Court because R&Q did not file a timely motion for enforcement.  Nationwide also contends that even if there were an agreement or order during the arbitration proceedings, R&Q has both waived compliance with the order by its actions or inactions in this case and that it has not demonstrated good cause for filing documents in this Court

under seal given the presumption which attaches to court proceedings (but not arbitration proceedings) that all documents filed in court will be open to the public. For the following reasons, the Court finds the latter argument dispositive.

Very similar issues were presented to the court in <u>Zurich American Ins. Co. v. Rite Aid Corp.</u>, 345 F.Supp. 2d 497 (E.D. Pa. 2004), and this Court finds that decision persuasive. In <u>Rite Aid</u>, a Rite Aid executive who had been accused of wrongdoing in documents produced during an arbitration proceeding argued in the district court that the documents should be filed under seal because there was a confidentiality order or agreement entered into during the arbitration proceedings. The court, however, relying upon the presumption of public access to documents filed in the district court, held that both the existence of the confidentiality order and the parties' reliance on that order in producing documents, while a factor in determining whether an order to seal should be entered in the district court, were not outcome determinative. Rather, the court was required to balance the public and private interests involved in determining whether documents should be filed under seal, with particular emphasis on whether the party seeking to have the documents sealed was able to identify and articulate a specific injury which would occur if the documents were made part of the public domain. In that case, the Court found that the confidentiality provisions applicable to the typical arbitration proceeding did not overcome the public interest in access to public documents, <u>Rite Aid</u>, 345 F.Supp. at 507 n. 3, and that the party requesting the sealing order "failed to articulate how unsealing any of the materials could actually impact her negatively." Consequently, it declined to enter such an order. <u>Id</u>. at 505.

There is some suggestion in other decisions that the Court may exercise its broad discretion in this area by sealing

3

documents exchanged during an arbitration proceeding. See DiRussa v. Dean Witter Reynolds, Inc., 121 F.3d 818 (2d. Cir. 1997). However, such an exercise of discretion may be limited to cases where the documents are voluminous and the parties have not assisted the court in determining what portions of the documents are entitled to confidential treatment. In any event, even under this broader view of the court's discretion, a sealing order should not apply to the arbitration award itself or any court orders entered.

Here, the only basis for R&Q's motion to file under seal is the order allegedly made during the arbitration proceedings. Under Rite Aid, such an order, even if made, is simply one factor in the Court's calculus and not outcome-determinative. R&Q has pointed to no portion of the documents which it filed under seal, which consist of its motion for summary judgment, copies of reinsurance contracts, the transcript of an organizational meeting with the arbitration panel, and an affidavit concerning payment of the arbitration award, which would injure R&Q if made public. In fact, R&Q specifically represents that it is not concerned about any injury to its reputation should any of the documents filed or exchanged during the arbitration find their way into the public domain. Under these circumstances, the Court concludes that the public interest in access to court records outweighs any prejudice to R&Q from unsealing its filing and that the document ought not to be maintained under seal. The Court stresses that this order applies only to the summary judgment motion and attachments which have been filed under seal. Should other documents exchanged during the arbitration proceeding contain confidential information which satisfies the Rite Aid test, R&Q or Nationwide is free to move the Court to submit those documents under seal.

Based upon the foregoing, Nationwide's motion for

4

reconsideration (#22) is granted.  The Clerk shall unseal document #21, the motion for summary judgment filed by Defendant Randall & Quilter Reinsurance Company, and all documents filed under seal in connection with that motion.

Any party may, within ten (10) days after this Order is filed, file and serve on the opposing party a motion for reconsideration by a District Judge.  28 U.S.C. §636(b)(1)(A), Rule 72(a), Fed. R. Civ. P.; Eastern Division Order No. 91-3, pt. I., F., 5.  The motion must specifically designate the order or part in question and the basis for any objection.  Responses to objections are due ten days after objections are filed and replies by the objecting party are due seven days thereafter.  The District Judge, upon consideration of the motion, shall set aside any part of this Order found to be clearly erroneous or contrary to law.

This order is in full force and effect, notwithstanding the filing of any objections, unless stayed by the Magistrate Judge or District Judge.  S.D. Ohio L.R. 72.4.

/s/ Terence P. Kemp
United States Magistrate Judge