IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| NATIONWIDE MUTUAL INSURANCE CO., | : : : | |
| Petitioner, | : : | Case No. C2-07-120 |
| v. | : : | |
| | : | JUDGE ALGENON L. MARBLEY |
| RANDALL & QUILTER REINSURANCE CO., | : : : | Magistrate Judge Kemp |
| Respondent. | : : | |

**ORDER & OPINION**

**I.  INTRODUCTION**

This matter is before the Court on cross-motions for summary judgment.  Petitioner Nationwide Mutual Insurance Co. ("Nationwide") brought a petition to confirm an arbitration award issued in proceedings with Respondent Randall & Quilter Reinsurance Co. ("R&Q").  R&Q disputes whether the Court has the statutory authority to confirm the entire award and petitions the Court to confirm a purported interim confidentiality award.  For the reasons stated below, the Court **GRANTS** Nationwide's Motion for Summary Judgment, **CONFIRMS** the arbitration award, and **DENIES** R&Q's motion for confirmation of the purported interim confidentiality award.

**II.  BACKGROUND**

Nationwide, one of the largest insurance and financial services companies in the world, contracted to reinsure part of its risk portfolio with R&Q.  A dispute arose over R&Q's contractual obligations and it stopped honoring some of Nationwide's claims.  The parties agreed to arbitration and the panel awarded Nationwide $2.427 million in damages and interest.  The

panel rejected Nationwide's allegation that R&Q acted in bad faith and ordered each party to bear its own costs. The award also contained a provision ordering R&Q to pay or object in writing to Nationwide's future claims within ninety days of billing.

R&Q paid Nationwide $2.427 million, the full amount of the arbitration award. Nationwide filed a petition in this Court for an Order to Confirm the Arbitration Award. R&Q does not wish to vacate the award or challenge the panel's findings. Rather, R&Q disputes whether the Court has the authority to confirm the entire final award and petitions the Court to confirm a purported interim award safeguarding the confidentiality of the arbitration.[1] Both parties move for summary judgment.

### III. STANDARD OF REVIEW

Summary judgment is proper if "there is no genuine issue as to any material fact [such that] the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). But "summary judgment will not lie if the . . . evidence is such that a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *see Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In considering a motion for summary judgment, the court must construe the evidence in the light most favorable to the non-moving party. *See Anderson*, 477 U.S. at 248. Therefore, the movant has the burden of establishing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Barnhart v. Pickrel, Schaeffer & Ebeling Co.*, 12 F.3d 1382, 1388-89 (6th Cir. 1993). But the non-moving party "may not rest upon its mere allegations." Fed. R. Civ.

---

[1] Nationwide also disputed whether R&Q could file its Motion for Summary Judgment and exhibits under seal. Magistrate Judge Kemp issued an Order dated August 10, 2007, in which he granted Nationwide's motion to unseal R&Q's Motion for Summary Judgment and exhibits. Neither party appealed Judge Kemp's order within the allotted time, and therefore this issue merits no further discussion by the Court.

P.56(e); *see Celotex*, 477 U.S. at 324; *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994). The non-moving party must present "significant probative evidence" to show that there is more than "some metaphysical doubt as to the material facts." *Moore v. Philip Morris Cos.*, 8 F.3d 335, 339-40 (6th Cir. 1993).

The standard of review for cross-motions of summary judgment is the same. *Taft Broad. Co. v. U.S.*, 929 F.2d 240, 248 (6th Cir. 1991). The fact that "both parties have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts." *Id*. Rather, the court must evaluate each party's motion on its own merits. *Id*. In the case of cross-motions, the Court must "tak[e] care in each instance to draw all reasonable inferences against the party whose motion is under consideration." *Id*.

## IV. LAW & ANALYSIS

Nationwide petitions the Court to confirm the arbitration award. R&Q has fully satisfied the judgment and does not seek to vacate it. But R&Q has two objections to Nationwide's petition: (1) the action is moot; and (2) the Court lacks the statutory authority to confirm the award because R&Q only consented to binding arbitration in a few, but not all, of the underlying contracts. In addition, R&Q requests that the Court confirm a purported interim arbitration order guaranteeing the confidentiality of the proceedings. Nationwide disputes the existence of the order and the Court's jurisdiction to confirm it.

### A. MOOTNESS

No principle is "more fundamental to the judiciary's proper role in our system of government than the constitutional limitation of federal-court jurisdiction to actual cases or

controversies." *Simon v. E. Ky. Welfare Rights Org.*, 426 U.S. 26, 37 (1976) (citing *Flast v. Cohen*, 392 U.S. 83, 95(1968)). Derived from the case or controversy requirement of Article III, the doctrine of mootness is integral to this limitation. *DaimlerChrysler Corp. v. Cuno*, – U.S. –, 126 S.Ct. 1854, 1858 (2006). If events subsequent "to the filing of the case resolve the dispute, the case should be dismissed as moot." Erwin Chemerinsky, *Federal Jurisdiction* § 2.51 (5th ed. 1999). Understood differently, mootness is "the doctrine of standing in a time frame. The requisite personal interest that must exist at the commencement of the litigation must continue throughout its existence." *United States Parole Comm'n. v. Geraghty*, 445 U.S. 388, 297 (1980) (quoting Henry Monaghan, *Constitutional Adjudication: The Who and When*, 82 Yale L.J. 1363, 1384 (1973)). The doctrine of mootness preserves finite judicial resources of time, money, and political capital, *See* Alexander Bickel, *The Least Dangerous Branch*, 201-268 (1968), and facilitates judicial decision-making by ensuring that courts only rule when litigants present well-developed facts and concrete disputes.

  R&Q contends that this case is moot. The arbitration panel awarded Nationwide $2.427 million in damages arising from R&Q's breach of a series of reinsurance contracts. R&Q has fully satisfied the judgment. R&Q alleges that there remains no actual controversy between the litigants and the Court's decision would not have any effect on the parties. Accordingly, R&Q concludes that this action does not fulfill the case or controversy prerequisites for federal court jurisdiction under Article III.

  Nationwide argues that the case is not moot because the arbitration panel awarded it prospective relief in addition to damages. Nationwide contends that without judicial confirmation, it has no remedy to address continuing violations other than to re-litigate the case.

The arbitration award, in pertinent part, provides:

> [h]enceforth, for all claims submitted by or on behalf of Nationwide to [R&Q] under the subject treaties, [R&Q] shall, within ninety (90) days of billing, provide Nationwide with payment of such billing or a written statement of any objections to the billing or a statement of what further information, if any, [R&Q] requires in order to pay the billing in full.

(Final Award, ¶ 10, Feb. 6, 2007).  Although ¶ 10 does not enjoin R&Q from future breach of contract, it sets forth the procedures by which R&Q must either honor or deny Nationwide's claims.  As such, ¶ 10 clearly constitutes prospective relief.  Confirmation is therefore not moot even though R&Q fully satisfied the damages portion of the award.

### B.  CONFIRMATION

There is a "strong federal policy in favor of enforcing arbitration agreements."  *Pontiac Trail Med. Clinic, P.C. v. PaineWebber, Inc.*, 1 F.3d 1241, 1243 (6th Cir. 1993) (citing *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)).  Normally, "confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected."  *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006).  So as to settle disputes efficiently and to avoid protracted and costly litigation, the Court's review of an arbitration award is extremely narrow.  *Dobbs, Inc. v. Local No. 614, Int'l Bhd. of Teamsters*, 813 F.2d 85, 86 (6th Cir. 1987).  Because the Arbitration Act reflects "a statutory policy of rapid and unobstructed enforcement of arbitration agreements," *Moses H. Cone*, 460 U.S. at 23, "courts are generally forbidden to review the merits of an arbitrator's award."  *Pontiac Trail*, 1 F.3d at 1243.

### 1.  Statutory Authority

R&Q argues that it only consented to judicial confirmation of the arbitration award in a few, but not all, of the underlying contracts.  Pursuant to the FAA, the Court may only confirm an arbitration award "[i]f the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration . . .."  9 U.S.C. § 9.  In this case, the contracts executed prior to 1979 provide that arbitration would be "final and binding."  By contrast, contracts executed in 1979 and afterward provide that arbitration "shall be final and binding" and that "judgment upon the award may be entered in any Court having jurisdiction thereof."  R&Q contends that the language "final and binding" by itself is not sufficient to manifest consent to judicial confirmation of the arbitration award.  Therefore, R&Q concludes that the Court lacks the statutory authority to confirm the part of the award arising from the pre-1979 contracts.

The Supreme Court and other circuits have explicitly held that a court has the statutory authority to confirm an arbitration award where the contract provided for "final and binding" arbitration.  *See, e.g., Marine Transit Corp. v. Dreyfus*, 284 U.S. 263 (1932); *Specialty Healthcare Mgmt., Inc. v. St. Mary Parish Hosp.*, 220 F.3d 650, 653 n. 1 (5th Cir. 2000); *Booth v. Hume Pub., Inc.*, 902 F.2d 925, 930 (11th Cir. 1990) (holding that "an explicit agreement between the parties providing for judicial confirmation of an award is not an absolute prerequisite to section 9 authority to enter judgment on the award" where parties agreed that arbitration would be final and binding); *Milwaukee Typographical Union No. 23 v. Newspapers, Inc.,* 639 F.2d 386, 389-90 (7th Cir. 1981); *Revere Copper and Brass Inc. v. Overseas Private Inv. Corp.*, 628 F.2d 81 (D.C. Cir. 1980) (holding that "final and binding" arbitration language in an insurance contract was sufficient for confirmation of the award under § 9 of the FAA); *Kallen*

*v. District 1199, Nat'l Union of Hosp. & Health Care Emp.*, 574 F.2d 723, 726 (2d. Cir. 1978) (where a contract provided that an arbitration award was to be final, conclusive, and binding, the court held that there was an implicit agreement that federal court intervention could be sought to compel compliance); *cf. PVI, Inc. v. Ratiopharm GmbH*, 135 F.3d 1252, 1254 (8th Cir. 1998) (disagreeing with this rule).

Although the Sixth Circuit has not expressly ruled on this question, it implicitly rejected R&Q's argument in *J.L. Foti Construction Company, Inc. v. Laborers' Internation Union of North America*, 742 F.2d 994, 996 (6th Cir. 1984). In *J.L. Foti*, respondent objected to the confirmation of an arbitration award on the grounds that the contractual language "final and binding" was insufficient to consent to judicial enforcement of the award. *Id*. at 999 n.1. The concurring judge expressly rejected this argument, noting that "[c]ourts have uniformly held that such ["final and binding"] language is sufficient to permit enforcement under the Arbitration Act." *Id*. Although the majority did not address respondent's argument, the fact that the Court confirmed the award shows that at the very least, the Sixth Circuit tacitly ruled that the language "final and binding" was a sufficient basis for confirmation under § 9 of the FAA.

This rule serves the dual purposes of the FAA: to conserve the resources of both the litigants and the judiciary and to expeditiously resolve disputes. Given the very strong federal policy favoring arbitration and the purpose behind the FAA to "place arbitration agreements upon the same footing as other contracts," *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991), the Court holds that the "final and binding" language in the reinsurance contracts was sufficient to constitute consent to judicial confirmation of the arbitration award.

2. Confidentiality

R&Q asks the Court to confirm the arbitration panel's purported order that the arbitration proceedings are confidential. R&Q argues that the panel issued an oral confidentiality order at proceedings on February 27, 2006:

> Umpire Phair: The first item that I had for the panel confirmation was the question of the confidentiality agreement. And knowing what Nationwide's position is on the signing of those agreements, we do believe that this, that this proceeding **ought** to be covered under the confidentiality agreement, but [**we will**] so order it. So to the extent that the wording in front of us, that we have there, should be modified to that extent, and we'll go on that basis.
>
> Mr. Cohen: So put in the form of an order?
>
> Umpire Phair: Yes, please. That would be great. Again, as I said earlier, everything that's happened since we opened this morning is covered under that agreement.

(Arb. Tr. Feb 27, 2006 (55:10-25; 56: 2-3)). R&Q submits that Umpire Phair's statements constitute a confidentiality order for which it seeks confirmation.

As a matter of fact, the arbitration panel never issued a confidentiality award. Umpire Phair states that the arbitration "*ought*" to be confidential and that the panel **"***will*"** so order it. (Arb. Tr. Feb 27, 2006 (55:10-25; 56: 2-3)). Nationwide's counsel then asked if he should reduce Umpire Phair's intentions to an order and submit it to the panel for approval. Umpire Phair agreed. While Umpire Phair may have intended eventually to sign such an confidentiality order, he never did. Accordingly, there is nothing for the Court to confirm. Second, the purported order was not in writing, a necessary condition for judicial confirmation under the contracts. The first excess treaty states: "the decision in writing of any two arbitrators . . . shall be final and binding." (Pet. Ex. 2 at NWAC 00070). Similarly, the second and third excess

-8-

treaties provide: "[the arbitrators'] decision, in writing . . . shall be final and binding." (Pet. Ex. 3 at NWAC 00013, Ex. 4 at NWAC 00039). Because the parties did not consent to the confirmation of oral awards, the Court is not authorized under § 9 of the FAA to confirm the purported confidentiality order.

Third, even if the panel had unequivocally issued a written confidentiality order, the statute of limitations bars judicial confirmation. An interim award that definitively disposes of a separate and independent matter, in this case the confidentiality of proceedings, "may be confirmed notwithstanding the absence of an award that finally disposes of all the claims that were submitted to arbitration." *Island Creek Coal Sales Co. v. City of Gainesville, Fla.*, 729 F.2d 1046, 1049 (6th Cir. 1984). Assuming arguendo, that the panel issued a confidentiality order, it would be an interim award disposing of the issue of confidentiality, not part of the final award. The panel issued the purported confidentiality order on February 27, 2006. R&Q applied for confirmation on March 8, 2007. Section 9 of the FAA requires a party seeking confirmation of an arbital award to apply to the court "within one year after the award is made." 9 U.S.C. § 9. As a result of R&Q's delay, the statute of limitations bars the Court from confirming the disputed confidentiality order.

## V.  CONCLUSION

For the foregoing reasons,  the Court **GRANTS** Nationwide's Motion for Summary Judgment, **CONFIRMS** the arbitration award, and **DENIES** R&Q's motion for confirmation of the purported interim confidentiality award.

**IT IS SO ORDERED.**

  s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: January 24, 2007**